IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gary L. Grant, | ) | |
| | ) | |
|        Petitioner, | ) | Civil Action No. 4:22-cv-03265-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
|        Respondent. | ) | |
| | ) | |

Petitioner Gary L. Grant ("Petitioner"), a state prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus on September 23, 2022. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed as successive and for lack of jurisdiction. (ECF No. 17). Petitioner filed objections to the Report (ECF Nos. 19; 21), as well as a subsequent "motion to submit evidence on why this court ha[s] jurisdiction over Petitioner['s] Petition" (ECF No. 22). Accordingly, this matter is now ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or

1

recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus . . . without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). As the magistrate judge noted in his Report, this is the third § 2254 petition that Petitioner has filed in this court challenging his state-court convictions for murder, armed robbery, first degree burglary, and kidnapping. (ECF No. 17 at 2). Petitioner's first § 2254 petition was denied on the merits, and summary judgment was granted in favor of the Respondent, *Grant v. Warden*, C/A No. 4:16-540-TMC, 2017 WL 372107 (D.S.C. Jan. 26, 2017); and the second was dismissed as successive, *Grant v. Warden*, C/A No. 4:18-cv-02271-TMC, 2018 WL 6498892 (D.S.C. Dec. 11, 2018).[1] The magistrate judge concluded, therefore, that "[b]ecause the instant Petition is the third attack of the same convictions[,] . . . the first petition's adjudication is considered to be on the merits, . . . [and] Petitioner did not first obtain permission from the Fourth Circuit Court of Appeals to file this successive § 2254 Petition, this court does not have jurisdiction over Petitioner's instant Petition[.]" (ECF No. 17 at 3 (internal footnote omitted)). Accordingly, the magistrate judge recommended the Petition be dismissed without prejudice and without requiring the Respondent to file a return. *Id*.

Petitioner filed multiple objections to the magistrate judge's Report. (ECF Nos. 19; 21). First, Petitioner appears to disagree with the magistrate judge's characterization of his 2018

---

[1] The court may take judicial notice of court and public records related to Petitioner's prior proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records." (internal quotation marks omitted)).

3

petition, which he argues "was never filed because it was a mistake that took place and this court dismissed it so that Petitioner could file in the right court." (ECF No. 19 at 1). However, regardless of Petitioner's assertion that the 2018 petition was mistakenly filed, he did in fact file a petition for writ of habeas corpus challenging the same state-court convictions, *Grant v. Warden*, C/A 4:18-cv-02271-TMC, Dkt. No. 1 (D.S.C. Aug. 15, 2018), and such petition was summarily dismissed as an unauthorized successive application, *see id*. at Dkt. Nos. 19, 20 (D.S.C. Dec. 11, 2018), Dkt. No. 23 (D.S.C. Dec. 19, 2018). Accordingly, Petitioner's first objection is overruled.

Petitioner's second objection is difficult to understand, but the court is able to glean that Petitioner objects to the magistrate judge's conclusion that the court lacks subject matter jurisdiction to consider the Petition. *See* (ECF No. 19 at 2). Petitioner concedes that he "is attacking the same conviction and sentences," but argues that none of the issues or claims are the same as those raised in his previous applications. *Id*. Thus, Petitioner disagrees with the magistrate judge's finding that the petition is successive. *Id*. Additionally, Petitioner repeatedly asserts that "subject matter jurisdiction can be raise[d] at anytime including in this court for the first time[,]" *id*.; (ECF Nos. 21 at 1; 22 at 1), and that his first claim in the Petition seeks to challenge the state court's jurisdiction, (ECF No. 19 at 2). Thus, Petitioner appears to misconstrue the magistrate judge's conclusion that this court's lack of jurisdiction to consider an unauthorized successive § 2254 petition as a determination on the merits of his claim challenging the state court's jurisdiction. *See* (ECF No. 21 at 1 ("Petitioner asserts that even though the court is with out [sic] jurisdiction, this court still ha[s] the right to take into consideration the clear federal constitutional violations . . . which was done by the [state] court's [sic].")); *see also generally* (ECF No. 22 ("Motion to Submit Evidence on Why This Court Ha[s] Jurisdiction over Petitioner[']s Petition")).

4

Before an applicant may submit a second or successive petition for writ of habeas corpus under 28 U.S.C. § 2254, "the applicant shall [first] move in the appropriate court of appeals for an order authorizing the district court to consider the [successive] application." 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010). Therefore, a "district court must dismiss any claim presented in an unauthorized second or successive application unless the applicant shows that the claim satisfies certain statutory requirements." *Magwood*, 561 U.S. at 331 (citing 28 U.S.C. § 2244(b)(4)). The United States Supreme Court has described the phrase "second or successive" as a term of art and explained that "the phrase does not simply 'refer to all § 2254 applications filed second or successively in time[.]'" *Id*. at 332 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Instead, the Court has held that whether an application is second or successive must be determined with respect to the specific *judgment* being challenged. *Id*. at 332–33. Furthermore, "the second or successive inquiry applies to the habeas petition as a whole and not to the petition's individual claims." *In re Gray*, 850 F.3d 139, 141, 144 n.4 (4th Cir. 2017) (citing *Magwood*, 561 U.S. at 334–35). "Hence, a court must first determine whether a petition is second or successive, and only if it is should the court review the petition's individual claims to see if they meet § 2244(b)'s requirements." *Id*. at 141 (citing *Magwood*, 561 U.S. at 334–35). If the petition is successive, any claims which were presented in a prior habeas application must be dismissed. 28 U.S.C. § 2244(b)(1). On the other hand, claims which had not been raised in an earlier petition may survive and be considered by the court only if:

> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the

5

>> evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

*Id.* § 2244(b)(2).

Applying these rules to the instant Petition, it is clear the Petition is successive because, as Petitioner himself admits, he seeks to challenge the same conviction and sentences as his 2016 and 2018 applications. (ECF No. 19 at 2); *compare* (ECF No. 1), with *Grant v. Warden*, C/A No. 4:16-540-TMC, Dkt. No. 1 (D.S.C. Feb. 19, 2016); *Grant v. Warden*, C/A No. 4:18-cv-02271-TMC, Dkt. No. 1 (D.S.C. Aug. 15, 2018). Furthermore, even assuming that the claims asserted in the instant Petition were not raised in the prior applications, the court finds that Petitioner has failed to meet the requirements of § 2244(b)(2). In particular, Petitioner does not raise any new rule of constitutional law that was previously unavailable, nor does he allege facts that were previously undiscoverable which "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Thus, Petitioner has failed to identify any error in the magistrate judge's findings or conclusions and his second objection is overruled.

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards, the court adopts the Report in its entirety (ECF No. 17), and incorporates it herein. Accordingly, the court finds that the Petition is an unauthorized, successive application for writ of habeas corpus, and the court does not have jurisdiction to consider it. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED.**[2]

---

[2] Accordingly, Petitioner's pending motion requesting leave to submit evidence on why this court has jurisdiction over his Petition (ECF No. 22) is **DENIED as moot**. The court notes that it has thoroughly reviewed the motion and finds that none of the information or evidence which Petitioner seeks to present therein would alter the court's analysis and conclusion in this matter.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
June 28, 2023